IN THE UNITED STATES DISTRICT COURT
OF THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

RUBEN MONROIG ALMODOVAR,
    Defendant.
_____ /

NO. 98-231 (SEC)
    99-78 (HL)
Hato Rey, PR
August 26, 1999
4:00 p.m.

TRANSCRIPT OF CHANGE OF PLEA

BEFORE THE HONORABLE SALVADOR E. CASELLAS
UNITED STATES DISTRICT

APPEARANCES:

| | |
|---|---|
| For the Government | REBECCA KELLOGG, AUSA<br>THOMAS KLUMPER, AUSA |
| For the Defendant | MARLENE APONTE CABRERA, ESQ. |
| Court Reporter | Kathleen A. Fegers, RPR<br>(787) 759-8891 |

Proceedings recorded by mechanical stenography, transcript produced by computer.

```
 1   We just use the whole year, Your Honor.
 2           THE COURT:  Okay.  Except then for the dates and the
 3   amounts, the charges in both indictments and counts, Count Two
 4   and then Count Four are identical and under the same statutory
 5   authority.
 6           MS. KELLOGG:  Your Honor, they are under the same
 7   statutory authority.  They are identical because it is the
 8   same statute that is being charged but he has done the offense
 9   with different individuals.
10           THE COURT:  Okay.  And the penalty for both is the
11   same.
12           MS. KELLOGG:  That is correct, Your Honor.
13           THE COURT:  Thank you.  Mr. Monroig and counsel
14   Aponte you have heard the government give a summary of the
15   plea agreement; is that correct?
16           MS. APONTE:  Yes, Your Honor and because there is a
17   part that has been amended that is not in writing as to page 4
18   paragraph 9 regarding restitution, we wish you accept the
19   amount as proposed by the government on behalf of Ruben
20   Monroig Almodovar and to inform both the Court and the
21   government that our client is in the position to, even prior
22   to sentencing, to provide the cash in the amount of $50,000
23   and the forfeiture of a boat that he is prepared to turn over
24   to the government in order for him to comply with the payment
25   of restitution.
```

```
 1              THE COURT:  Very well.  The government is in
 2   agreement with that?
 3              MS. KELLOGG:  That is correct, Your Honor.
 4              THE COURT:  Thank you.  Counsel, have you explained
 5   this agreement to the defendant in Spanish and are you
 6   satisfied that he understands it?
 7              MS. APONTE:  Yes, Your Honor.  We have discussed it
 8   page by page, line by line in Spanish.  I have given him the
 9   opportunity to review it in English.  He has some working
10   knowledge of English that he can look at it by himself and ask
11   questions and he has initialed all pages and signed it and he
12   has asked questions to me.  I have answered them and I believe
13   he harbors no doubts whatsoever first as to his cooperation
14   with the United States and second that he wishes to enter a
15   plea of guilty.
16              THE COURT:  Mr. Monroig did you have an opportunity
17   to read and discuss the plea agreement with your counsel
18   before you signed it?
19              THE DEFENDANT: Yes.
20              THE COURT: Do you understand the terms of the plea
21   agreement?
22              THE DEFENDANT: Yes.
23              THE COURT: Does the plea agreement represent in its
24   entirety all of your understandings with the government?
25              THE DEFENDANT: Yes.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,  )
                           )
            Plaintiff,     ) Case No. 98-0231
                           )
    vs.                    )
                           )
RUBEN MONROIG ALMODOVAR,   )
                           )
            Defendant.     )

SENTENCING HEARING

BEFORE THE HONORABLE SALVADOR E. CASELLAS

HATO REY, PUERTO RICO

THURSDAY, FEBRUARY 21, 2002, 11:25 A.M.

APPEARANCES:

FOR THE PLAINTIFF:      THOMAS KLUMPER,
                        REBECCA KELLOGG,
                        ASSISTANT U.S. ATTORNEYS

FOR THE DEFENDANT:      MARLENE APONTE CABRERA, ESQ.


COURT REPORTER:         Zulma M. Ruiz, RMR
                        Federal Building - RM G40
                        150 Chardon Avenue
                        Hato Rey, PR  00918
                        (787) 772-3375

Then, Your Honor, with the 5K1 he's actually now doing more time than he did without the plea agreement with the government. I understand the government's concern with what's happening in our local government and I do understand that there has to be punishment and acceptance.

Now, in this case of my client today, we bring to the court, as we had agreed as part of our agreement with the government, the $50,000 in a check made to the United States District Court to begin paying for the money that he had received. There is also, we have had available for some time and we made the arrangements with the government and they're working on it to recover a boat that my client is surrendering to the government. He will be making payments on his restitution, plus he's still available for that pending case.

So, Your Honor, basically the 5K1 is no favor at all because we are getting more than we had before -- more time than we had before the 5K1.

However, as part of the responsibility that my client wants to accept, he does understand the position that the government is in. He does understand the duty that the Court has to dispose, and we just submit to the mercy of the Court, that the Court would allow us to present in mitigation of punishment the testimony of two persons on behalf of my client.

**THE COURT:** Let's hear from the government on that

1  devastated the person that he used to know himself as.  It
2  affected a whole bunch of people.  He is restituting
3  everything he took from the government, he's taking it back.
4  And I'm filing in open court, Your Honor, this payment made to
5  the United States District Court for payment of his
6  restitution.  It serves also as a reminder of his obligation
7  to give everything back and not taking anything that he
8  shouldn't have with him.
9           So, Your Honor, I submit to the Court to take this
10 into consideration and the valuable potential that this young
11 educated man has to educate other persons and perform valuable
12 community service, even if it means an extended period of
13 supervision, but just to allow him an opportunity, instead of
14 locking him up in a halfway house, to give him an opportunity
15 to responsibly admit what he has done and help others not to
16 do the same things that he did.
17          Your Honor, we submit the checks.  We have shown it
18 to the government so it may be filed in this case, and also
19 the $200 special assessment fee was filed.  We showed the
20 government the receipt.
21          **THE COURT:**  Duly noted.  What exactly is the amount
22 of restitution to be made and how much has been paid already?
23          **MS. APONTE:**  Yes, Your Honor.  Part of the plea
24 agreement, Your Honor --
25          **MS. KELLOGG:**  If I may, Your Honor.  The total

```
 1   amount of restitution is $71,000 and the forfeiture of the
 2   boat that's in his possession.  So in monetary instruments,
 3   $71,000; in property, a boat.  And he's just paid 50 or he's
 4   going to pay with the Clerk of the Court 50, because Brenda
 5   can't accept that.
 6             MS. APONTE:  Your Honor, he's aware that he has to
 7   make payments for restitution.  However, because of this
 8   problem and as a natural consequence of the acts he committed,
 9   it is very difficult to find gainful employment that will
10   render him to make big payments, but he has committed himself
11   to return anything that he received that was not his.  And the
12   money, the $50,000 that he's depositing today with the Clerk
13   of the Court is part of his restitution of the monetary
14   payment, and the boat is already available.
15             So my client is left in zero and he will make
16   responsible payments as will be arranged with the government
17   to pay for his restitution together with interest.
18             THE COURT:  Very well.  Anything else from counsel
19   before I pronounce sentence in this case?
20             MS. APONTE:  No, Your Honor.
21             MS. KELLOGG:  Not from the United States, Your
22   Honor.
23             THE COURT:  I will state for the record that we have
24   received numerous letters of recommendation regarding this
25   defendant, and we have taken them into consideration as we
```