IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| | * | |
| v | * | CASE:98-CR-00231(SEC) |
| | * | 99-CR-00078(HL) |
| RUBEN MONROIG ALMODOVAR | * | |
| Defendant | * | |
| | * | |

OPPOSITION TO MOTION REQUESTING SOME DISPOSITION

TO THE HONORABLE COURT:

NOW COMES the United States of America represented by the undersigned attorneys and respectfully states forth and prays as follows:

1. The defendant of caption was imposed in the instant case, among other things, a restitution in the amount of $71,000.00 in favor of the Department of Housing and Urban Development ("HUD").[1]

2. On March 1, 2005, the defendant filed a Motion Requesting Some Disposition where, in essence, he alleges that the U.S. Attorney's office agreed to receive a boat owned by the defendant "...as full payment of the outstanding balance, that is, <u>as full payment of the $71,000.00 still owed...</u>" (Emphasis added).

3. The Government opposes said allegations based on the following:

   A. In the case at bar the defendant has, as of today, a pending balance of

---

[1] The defendant has two cases: 98-CR-231-01SEC with restitution in the amount of $71,000.00 and 99-CR-078-05 HL with restitution in the amount of $50,000.00.
    The restitution in 99-CR-078-05(HL), in the amount of $50,000.00, was fully satisfied in said case on February 21, 2002.
    As of today however, the defendant owes restitution in the instant case, 98-CR-231-01(SEC), in the amount of $74,653.01 (of which the amount of $70,700.00 is principal and the amount of $3,952.83 is interest accrued).

USA v Ruben Monroig Almodovar
CASE: 98-CR-002319SEC)/98-CR-00078(HL)
Page 2

restitution, still owed, in the amount of $74,652.83.

   B. A cursory examination of the transcripts of the Sentencing hearing of the case at bar, which was held February 21, 2002, reveals at page 20, lines 21 and 22, the moment when the Court asked ..."What exactly is the amount of restitution to be made and how much has been paid already?".

   C. On page 21, of the same transcripts, lines 1 through 5, the AUSA replied..."The total amount of restitution is $71,000 **and the forfeiture of the boat that's in his possession**..."(Emphasis added)

   D. Thereafter, the attorney for the defendant, at page 21, lines 10 through 17, informs the Court that "...he has committed himself to return anything that he received that was not his. And the money, the $50,000 that he's depositing today with the Clerk of the Court is part of his restitution of the monetary payment, and the boat is already available. So my client is left in zero and <u>he will make responsible payments as will be arranged with the government to pay for his restitution together with interest</u>."(Emphasis added).

 3. The amount of $50,000.00 mentioned in this part of the Sentencing hearing, which was held February 21, 2002, is a payment towards the satisfaction of the restitution imposed, not in the case at bar but rather, to satisfy the restitution imposed in case 98-CR-00078(HL).

 4. In addition, the Government's records indicate that indeed the defendant paid on said date, as stated in open court, $50,000.00 towards the satisfaction of the restitution imposed in case 98-CR-00078(HL) .

 5. It is clear from the above transcripts that the Government's agreement was that the

USA v Ruben Monroig Almodovar
CASE: 98-CR-002319SEC)/98-CR-00078(HL)
Page 3

defendant pay the restitution imposed not only in case 98-CR-0078(HL) but also the restitution imposed in the case at bar, that is, the amount of $71,000 and the voluntary surrender of the boat. Nowhere in the Sentencing transcript did the AUSA, or the attorney for the defendant, represented to the Court that the boat was to be surrendered to the Government to be applied, as defendant now alleges: " ...as full payment of the outstanding balance, that is, as full payment of the $71,000.00 still owed..."

    6. That pursuant to 18 U.S.C. section 3613(b)(f) the defendant is liable for twenty years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon death of the individual fined.[2]

    7. That in the economy of justice, the Government needs the U.S. Marshal Service to make an assessment of the value of the boat, in order for the Government to decide whether or not to waive the voluntary surrender of the boat.

    WHEREFORE the United States respectfully requests:

- to order the defendant to continue to pay the restitution imposed in the amount of $71,000 until fully satisfied; and further,

- to allow the U.S. Marshal Service to make an assessment of the value of the boat and inform the U.S. Attorney's Office accordingly so that the U.S. Attorney can decide whether or not, in the economy of justice, to waive the voluntary surrender of the boat;

- or in the alternative, if the boat is sold either by the defendant or by the U.S. Marshal,

---

[2] 18 U.S.C. section 3613(f) states: "Applicability to order of restitution. In accordance with section 3664(m)(1)(A) of this title all provisions of this section are available to the United Sates for the enforcement of an order of restitution."

USA v Ruben Monroig Almodovar
CASE: 98-CR-002319SEC)/98-CR-00078(HL)
Page 4

that all its proceeds be applied towards the balance of the restitution owed, with the understanding, that the defendant will continue to pay any pending balance that there might be at the time, even after crediting said proceeds, until fully satisfied.

CERTIFICATE: I hereby certify that on this date I have filed the instant document via CM/ECF which will automatically notify the following participants: Esther Castro-Schmidt, Joseph C. Laws, and Juan F. Matos De Juan and by regular mail to NON-PARTICIPANT attorney Victor Gonzalez-Bothwell, Assistant Public Defender, 241 F.D. Roosevelt Ave., San Juan, PR 00918.

At San Juan, Puerto Rico this 9th day of March, 2005.

H.S. GARCIA
UNITED STATES ATTORNEY

S/*REBECCA VARGAS-VERA*, 203307
REBECCA VARGAS-VERA
ASSISTANT U.S. ATTORNEY
Torre Chardon, Suite 1201
350 Chardon St.
Hato Rey, P.R. 00918
Tel.  (787) 766-5656
FAX (787) 771-4049